UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ROBERT DRYER,

        Petitioner,

v.                               CASE NO. 09-10631

CINDI S. CURTIN,              HONORABLE MARIANNE O. BATTANI

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Daniel Robert Dryer, through counsel Robert J. Dunn, filed a habeas corpus petition challenging his state court conviction for criminal sexual conduct in the first degree. Respondent urges the Court, through counsel, to deny the petition. The Court agrees with Respondent that Petitioner's claims lack merit or are not cognizable on habeas review. Accordingly, the habeas petition is denied. A procedural history and discussion follow.

### I. Background

Petitioner was charged in Midland County, Michigan with one count of criminal sexual conduct in the first degree. The charges arose from allegations that Petitioner sexually molested his former girlfriend's minor daughter in 1998. The Michigan Court of Appeals summarized the facts as follows:

> The victim asserted that defendant sexually molested her in 1998, at which time the victim was ten years old. During the six-months when her mother and defendant were involved, the victim and her sister would stay at the

> defendant's home several nights a week, sleeping in a spare bedroom. During this time the victim's mother was babysitting the children of one of the defendant's friends. Her routine was to leave in the mornings to pick the children up and bring them back to the defendant's home, leaving the victim and her sister at defendant's home for the 10 to 15 minutes it usually took. The victim testified that while her mother was gone, defendant would wake her up by "French" kissing her, that he would rub her chest and arms, and that on several occasions he put his fingers inside her vagina. She also testified at the preliminary examination as to one incident of molestation that took place at her grandmother's house in the Upper Peninsula around the time of her grandfather's death. At trial, the court overruled an objection by defendant and permitted the victim to testify regarding other uncharged acts of sexual misconduct. The trial court also limited testimony by certain of defendant's witnesses.

People v. Dryer, No.275342, 2008 WL 994221, at *1 (Mich. Ct. App. Apr. 10, 2008) (unpublished).

Petitioner testified in his own defense and called several witnesses. He denied touching the complainant inappropriately, and he maintained that he treated young people with respect and had never done anything to harm a young person.

On October 13, 2006, a Midland County Circuit Court jury found Petitioner guilty, as charged, of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under 13 years of age). The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, per curiam opinion on April 10th, 2008. Dryer, No.275342, 2008 WL 994221, at *5. On October 27th, 2008, the Michigan Supreme Court denied leave to appeal. People v. Dryer, 769 N.W.2d 196 (Mich. 2008).

On February 20, 2009, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254. He alleges that he was denied his Sixth Amendment right to present a defense when the trial court disallowed certain testimony intended to rehabilitate Petitioner's character after the prosecution introduced evidence of prior bad acts under

Michigan Rule of Evidence 404(b).

## II. Standard of Review

Habeas petitioners are entitled to a writ of habeas corpus only if they can show that the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principal from the Supreme Court's decisions but unreasonably applies that principal to the facts of the prisoner's case." Id. at 413. An unreasonable application of federal law is different from an incorrect application of federal law. Id. at 411. "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

Section 2254(d) dictates a "highly deferential standard of review" for state court proceedings, which means that state-court decisions should be given the benefit of the doubt. Bell v. Cone, 543 U.S. 447, 455 (2005) (citations omitted). The Court's task in this

3

case "is not to reach [its] own independent conclusion regarding the constitutional validity of the evidentiary decision to exclude evidence; rather, [the Court] must determine if the last reasoned state court opinion was either contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." *Gagne v. Booker*, __ F.3d __, __, No. 07-1970, 2010 WL 616436, at *6 (6th Cir. Feb. 23, 2010).

### III. Discussion

The Court will address the allegations in the petition as two issues. Petitioner first claims that the trial court unreasonably refused his request to rebut improperly admitted evidence with character evidence that established his typical behavior around young females. Second, he alleges that, even if the Michigan Rules of Evidence were applied correctly, his Sixth Amendment right to present a defense outweighs application of the Michigan Rules of Evidence and he should have been allowed to admit his character evidence.

### A. Unreasonable Refusal to Admit Evidence

Petitioner first claims that the trial court unreasonably refused to permit him to admit character evidence to rebut the prosecution's evidence of uncharged crimes. The Michigan Court of Appeals reviewed this claim and concluded that the trial court appropriately restricted Petitioner's evidence to reputation or opinion testimony under Michigan Rule of Evidence 405(b) because his character was not in issue.[1]

---

[1] Michigan Rule of Evidence 405 reads:

**(a) Reputation or Opinion**. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by

4

To the extent that Petitioner is disputing the appellate court's application of Michigan evidentiary rules, he fails to state a claim on which habeas relief may be granted. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

> "Errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding." *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they "offend [] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Montana v. Egelhoff, 518 U.S. 37, 43, 116 S. Ct. 2013, 135 L. Ed.2d 361 (1996) (quoting Patterson v. New York, 432 U.S. 197, 202, 97 S. Ct. 2319, 53 L. Ed.2d 281 (1977)); see also Spencer v. Texas, 385 U.S. 554, 563-64, 87 S. Ct. 648, 17 L. Ed.2d 606 (1967).

Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000). In other words, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (quoting McGuire, 502 U.S. at 69-70).

---

testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct.

**(b) Specific Instances of Conduct**. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

5

The trial court interpreted Michigan Rule of Evidence 405 to require exclusion of evidence concerning specific instances of Petitioner's conduct. Petitioner contends that this ruling was erroneous, but as the Michigan Court of Appeals recognized, Petitioner was able to testify and present his defense through his witnesses. Some defense witnesses intimated that they were not concerned about leaving their children with Petitioner, and other witnesses testified that Petitioner always treated young people and young women with respect. The trial court's limitation on the defense witnesses' testimony did not offend a fundamental principle of justice, nor render the trial fundamentally unfair. Therefore, the exclusion of testimony concerning specific instances of conduct did not violate Petitioner's right to due process.

### B. Denial of a Right to Present a Defense

Petitioner contends that, even if Michigan's evidentiary rules were applied correctly, his Sixth Amendment right to present a defense outweighs the Michigan evidentiary rules. The Michigan Court of Appeals reviewed this claim on the merits and determined that Petitioner was not deprived of an opportunity to present a defense because he testified, presented witnesses, and was not prejudiced by the limitation placed on his witnesses' testimony. Petitioner urges the Court to find that the state court unreasonably applied clearly established federal law as determined by the Supreme Court.

### 1. Applicable Law

The United States Supreme Court "has repeatedly recognized that the right to present a complete defense in a criminal proceeding is one of the foundational principles of our adversarial truth-finding process." Gagne, 2010 WL 616436, at *4 (citing Holmes v. South Carolina, 547 U.S. 319 (2006)). In Taylor v. Illinois, 484 U.S. 400, 408 (1988), the

6

United States Supreme Court stated that the right to present witnesses in one's own defense "is an essential attribute of the adversary system itself." However, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Id. at 410 (emphasis added). The Court further elaborated in United States v. Scheffer, 523 U.S. 303, 308 (1998), that rules excluding evidence violate the right to present a defense only if the rules are arbitrary or disproportionate to the purpose they were designed to serve or infringe on a weighty interest of the accused. A defendant's constitutional right to present a defense, and a trial court's decision to exclude evidence, turn on the extent to which the evidence is "highly relevant" and "indispensable" to the success of the defense or the central dispute at trial. Gagne, 2010 WL 616436, at *5 and *9 (quoting Crane v. Kentucky, 476 U.S. 683, 691 (1986)).

### 2. Chambers v. Mississippi

Petitioner contends that Chambers v. Mississippi, 410 U.S. 284 (2006), stands for the contention that a defendant's right to present a defense will, on some occasions, require a state trial court to disregard its rules of evidence if it is necessary to enable the defendant to raise a defense that cannot be raised any other way. Petitioner also claims that disallowing his defense witnesses' testimony was a denial of due process. Petitioner makes these claims without pointing to any supporting text within the Chambers opinion.

In Chambers, the petitioner was denied the right to confront a witness because under Mississippi evidentiary rules, a defendant could only cross-examine an adverse witness. A witness confessed to the crime that Chambers was accused of committing, but later retracted his confession. The Mississippi trial court ruled that Chambers could not

7

cross-examine the witness, nor present witnesses who would have discredited the witness's repudiation of his confession and demonstrated his complicity in the crime.

Justice Powell, writing for a majority of Supreme Court Justices, clearly reached a conclusion on narrow grounds:

> We conclude that the exclusion of this critical evidence, coupled with the State's refusal to permit Chambers to cross-examine McDonald, denied him a trial in accord with the traditional and fundamental standards of due process. <u>In reaching this judgment, we establish no new principles of constitutional law. Nor does our holding signal any diminution in the respect traditionally accorded to the States in the establishment and implementation of their own criminal trial rules and procedures. Rather, we hold quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial</u>.

Chambers, 410 U.S. at 302-03 (emphasis added).

Petitioner's case is factually dissimilar from Chambers. He was able to cross-examine each prosecution witness and elicit the essence of his defense through his own witnesses. And, unlike the Chambers case, his defense was not that someone else committed the crime, but that he did not do it.

The Court in Chambers limited its holding to the facts and circumstances of that case. Id. at 302-03. Justice Powell's majority opinion did not disturb the well-founded notion that

> it is normally 'within the power of the State to regulate procedures under which its laws are carried out,' . . . and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'

*Patterson*, 432 U.S. at 201-02 (end citations omitted). Nor did the Chambers Court dispel the principle that, when exercising the right to present witnesses in one's own defense, an accused "must comply with established rules of procedure and evidence designed to

8

assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers, 410 U.S. at 302.

In summary, Chambers does not stand for the broad statement that state court evidentiary rules can be ignored so that the defendant may present evidence in an unfettered fashion. "[T]he proposition that the Due Process Clause guarantees the right to introduce all relevant evidence is simply indefensible." *Egelhoff*, 518 U.S. at 42. "Although 'prevailing notions of fundamental fairness . . . require that criminal defendants be afforded a meaningful opportunity to present a complete defense, *California v. Trombetta*, 467 U.S. 479, 485 (1984), a 'defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions,' *United States v. Scheffer*, 523 U.S. 303, 308 (1998))." *Miller v. Brunsman*, __ F.3d __, __, No. 09-3151, slip op. at 12 (6th Cir. Mar. 24, 2010).

### 3. Holmes v. South Carolina

Petitioner contends next that Holmes holds that state evidentiary laws, such as Michigan Rule of Evidence 405, do not have the ability to prevent the defendant from presenting a complete defense. In Holmes, the United States Supreme Court found the application of a South Carolina evidentiary rule to be unconstitutional. Holmes, 547 U.S. at 331. The Court held that the trial court's application of the state evidentiary rule, which prevented the defendant's evidence from being admitted, unfairly focused not on the weight of the potential exculpatory evidence, but on the strength of the prosecution's case alone without an appropriate assessment of the prosecution's evidence. Id. at 329-30. The Court stated that,

> by evaluating the strength of only one party's evidence, no logical conclusion

9

> can be reached regarding the strength of contrary evidence offered by the other side to rebut or cast doubt. Because the rule applied by the State Supreme Court in this case did not heed this point, the rule is 'arbitrary' . . . .

Id. at 331.

In Petitioner's case, the trial court ruled that Michigan Rule of Evidence 405(b) prevented Petitioner from introducing evidence of specific instances of conduct. Petitioner claims that this ruling infringed on his Sixth Amendment right to present a defense. Petitioner argues that evidence of his exemplary conduct at a father-daughter dance and on other occasions when he was alone with young women would have bolstered his character and rebutted the inference that he had a propensity to commit sexual misconduct. According to Petitioner, Holmes holds that Michigan Rule of Evidence 405(b) cannot stand against his right to present a defense.

The Holmes Court, however, found that the South Carolina Supreme Court had arbitrarily applied its state evidentiary rule with an unconstitutional result. Holmes, 547 U.S. at 331. The Supreme Court stated that the right to present a complete defense "is abridged by evidence rules that infring[e] upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." Id. at 324-25 (quotation marks and citations omitted).

The trial court's ruling in this case was not arbitrary, and it did not infringe on a weighty interest of the accused. Petitioner was able to testify and to present testimony in the form of opinions about his character. He produced five witnesses, who vouched for him as a person who showed respect for young people and for young women. He was not prevented from eliciting evidence that was indispensable to the success of his defense.

10

The trial court, moreover, informed the jurors that they could consider evidence of Petitioner's respect for young people in deciding whether he committed the crime for which he was charged. The court stated that "[e]vidence of good character alone may sometimes create a reasonable doubt in your minds and lead you to find the Defendant not guilty." (Tr. Oct. 11, 2006, at 62.)

Defense evidence was not arbitrarily excluded, and Petitioner was not prevented from asserting the essence of his defense that he had been around young people all his life and had never before been accused of criminal sexual conduct. Thus, the trial court's ruling, which excluded evidence of specific instances of Petitioner's conduct, did not violate Petitioner's constitutional right to present a complete defense.

## IV. Conclusion

The trial court's decision and the state appellate court's rejection of Petitioner's claims did not result in an unreasonable determination of the facts or in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the petition for writ of habeas corpus is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

s/Marianne O. Battani
MARIANNE O. BATTANI
Dated: March 29, 2010          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

      I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties via U.S. Mail and/or electronically.

                                      s/Bernadette M. Thebolt
                                      Case Manager